IN THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RACHAEL ANNE ELROD, ANDREW KAUFMAN, SARAH MARTIN,<br>    *Plaintiffs,*<br>v.<br><br>NO TAX 4 NASH, JIM ROBERTS, MICHELLE FOREMAN, AND KIMBERLY EDWARDS<br>    Defendants. | Docket No.: 20-CV-00617<br><br>JURY OF TWELVE DEMANDED |

## ANSWER TO COMPLAINT

Comes now the Defendant, "Jim Roberts[1]," ("Defendant Roberts") and hereby Answers the Complaint as follows:

1. The allegations of ¶ 1 are denied, and strict proof is demanded for any allegation against Defendant "Jim Roberts." Defendant Roberts was not involved with No Tax 4 Nash and cannot admit or deny any allegation related to the same;

2. The allegations of ¶ 2 are denied, and strict proof is demanded for any allegation against Defendant "Jim Roberts." Defendant Roberts was not involved with No Tax 4 Nash and cannot admit or deny any allegation related to the same;

3. The allegations of ¶ 3 do not require a response. To the extent it references information related to No Tax 4 Nash it is denied, and strict proof is demand;

4. The allegations of ¶ 4 do not require a response. To the extent it references information related to No Tax 4 Nash it is denied, and strict proof is demand;

5. The allegations of ¶ 5 do not require a response;

6. The allegations of ¶ 6 do not require a response. To the extent it references information related to No Tax 4 Nash it is denied, and strict proof is demand;

---
[1] Counsel's legal name is not "Jim Roberts."

7. The allegations of ¶ 7 do not require a response do not require a response. To the extent it references information related to No Tax 4 Nash it is denied, and strict proof is demand;

8. The allegations of ¶ 8 do not require a response. To the extent it references information related to Plaintiff Elrod it is denied, and strict proof is demanded;

9. The allegations of ¶ 9 do not require a response. To the extent it references information related to Plaintiff Kaufman it is denied, and strict proof is demanded;

10. The allegations of ¶ 10 do not require a response. To the extent it references information related to a Plaintiff Martin it is denied, and strict proof is demanded;

11. The allegations of ¶ 11 are denied, and strict proof is demanded for any allegation against Defendant Roberts. Defendant Roberts was not involved with No Tax 4 Nash and cannot admit or deny any allegation related to the same. The allegation that No Tax 4 Nash's post Office Box is registered to Defendant Roberts is a bold face lie and material fabrication of evidence intentionally calculated to deceive the Court. On information and belief said lie was crafted by Plaintiffs' counsel to manufacture jurisdiction.

12. The allegations of ¶ 12 are admitted as they relate to Defendant Roberts does not know the citizenship of the other Defendants;

13. The allegations of ¶ 13 are denied, and strict proof is demanded for any allegation against Defendant "Jim Roberts." Defendant "Jim Roberts" was not involved with No Tax 4 Nash and cannot admit or deny any allegation related to the same;

14. The allegations of ¶ 14 are statements of law and do not require a response. To the extent such law is applicable to Defendant Roberts it is denied, and strict proof is demanded;

15. The allegations of ¶ 154 are statements of law and do not require a response. To the extent such law is applicable to Defendant Roberts it is denied, and strict proof is demanded;

16. The allegations of ¶ 16 are statements of law and do not require a response. To the extent such law is applicable to Defendant Roberts it is denied, and strict proof is demand;

17. The allegations of ¶ 17 are statements of law and do not require a response. To the extent such law is applicable to Defendant Roberts it is denied, and strict proof is demanded;

18. The allegations of ¶ 18 are statements of law and do not require a response. To the extent such law is applicable to Defendant Roberts it is denied, and strict proof is demanded;

19. The allegations of ¶ 19 are statements of law and do not require a response. To the extent such law is applicable to Defendant Roberts it is denied, and strict proof is demanded;

20. The allegations of ¶ 20 are statements of law and do not require a response. To the extent such law is applicable to Defendant Roberts it is denied, and strict proof is demanded;

21. The allegations of ¶ 21 are statements of law and do not require a response. To the extent such law is applicable to Defendant Roberts it is denied, and strict proof is demanded;

22. The allegations of ¶ 22 are statements of law and do not require a response. To the extent such law is applicable to Defendant Roberts it is denied, and strict proof is demanded;

23. The allegations of ¶ 23 are statements of law and do not require a response. To the extent such law is applicable to Defendant Roberts it is denied, and strict proof is demanded;

24. The allegations of ¶ 24 are statements of law and do not require a response. To the extent such law is applicable to Defendant Roberts it is denied, and strict proof is demanded;

25. The allegations of ¶ 25 are statements of law and do not require a response. To the extent such law is applicable to Defendant Roberts it is denied, and strict proof is demanded;

26. The allegations of ¶ 26 are statements of law and do not require a response. To the extent such law is applicable to Defendant Roberts it is denied, and strict proof is demanded;

27. The allegations of ¶ 27 are statements of law and do not require a response. To the extent such law is applicable to Defendant Roberts it is denied, and strict proof is demanded;

28. The allegations of ¶ 28 are fact statementsconcerning events of which Defendant Roberts has no personal knowledge, so the same is denied, and strict proof is demanded;

29. The allegations of ¶ 29 are fact statements concerning events of which Defendant Roberts has no personal knowledge, so the same is denied, and strict proof is demanded;

30. The allegations of ¶ 30 are fact statements concerning events of which Defendant Roberts has no personal knowledge, so the same is denied, and strict proof is demanded;

31. The allegations of ¶ 31 are fact statements concerning events of which Defendant Roberts has no personal knowledge, so the same is denied, and strict proof is demanded;

32. The allegations of ¶ 32 are fact statements concerning events of which Defendant Roberts has no personal knowledge, so the same is denied, and strict proof is demanded;

33. The allegations of ¶ 33 are fact statements concerning events of which Defendant Roberts has no personal knowledge, so the same is denied, and strict proof is demanded;

34. The allegations of ¶ 34 are fact statements concerning events of which Defendant Roberts has no personal knowledge, so the same is denied, and strict proof is demanded;

35. The allegations of ¶ 35 are fact statements concerning events of which Defendant Roberts has no personal knowledge, so the same is denied, and strict proof is demanded;

36. The allegations of ¶ 36 are statements of law;

37. The allegations of ¶ 37 are fact statements concerning events of which Defendant Roberts has no personal knowledge so the same is denied and strict proof is demanded;

38. The allegations of ¶ 38 are denied, and strict proof is demanded for any allegation against Defendant Roberts. Defendant Roberts was not involved with No Tax 4 Nash and cannot admit or deny any allegation related to the same. The allegation that No Tax 4 Nash's Post Office Box is registered to Defendant Roberts is a bold face lie and a material fabrication of evidence intentionally calculated to deceive the Court. On information and belief, said lie

Plaintiffs' counsel crafted said falsehood to manufacture jurisdiction. Defendant Roberts could not "control" No Tax 4 Nash, in light of the following facts provided to Plaintiffs' counsel was advised on July 22, 2020:

1. [Defendant Roberts is] not and ha[s] never been a member of No Tax 4 Nash;

2. [Defendant Roberts has] never been invited to or attended any No Tax 4 Nash meetings;

3. [Defendant Roberts has] never given money or donated services to No Tax 4 Nash;

4. [Defendant Roberts knows] nothing and ha ha[s] never participated in planning or strategy regarding any telephone calls, robo-calls, or any communication on behalf of No Tax 4 Nash. Any knowledge about No Tax 4 Nash's communications strategy is second-hand information to me;

5. [Defendant Roberts has] never planned, participated in, or executed any part of No Tax 4 Nash's organization, leadership, strategy, and / or operations;

6. [Defendant Roberts knows] nothing about No Tax 4 Nash's corporate structure or tax status;

7. [Defendant Roberts has] had limited communications with Michelle Foreman and Kimberly Edwards only a few times since mid-May 2020 about my ballot initiative described below. [Defendant Roberts has] have never discussed their recall efforts, other than to ask about its basic progress;

8. [Defendant Roberts has] never purchased, registered, controlled, opened, or possessed any form of ownership and/or control over a post office box affiliated with or used by No Tax 4 Nash. The post office box for the "Nashville Taxpayer Protection Act" is P. O. Box 331606, which has been the same P.O. Box as my law office for the past six (6) years;

9. [Defendant Roberts has] never purchased or had anything to do with establishing a website for No Tax 4 Nash.

10. [Defendant Roberts has] never spoken with a "telephone call vendor" for any purpose since at least 2015 when [Defendant Roberts] was involved in a political campaign.

39. The allegations of ¶ 39 are fact statements concerning events of which Defendant Roberts has no personal knowledge, so the same is denied, and strict proof is demanded;

40. The allegations of ¶ 40 are fact statements concerning events of which Defendant Roberts has no personal knowledge, so the same is denied, and strict proof is demanded;

41. The allegations of ¶ 41 are fact statements concerning events of which Defendant Roberts has no personal knowledge, so the same is denied, and strict proof is demanded;

42. The allegations of ¶ 42 are fact statements concerning events of which Defendant Roberts has no personal knowledge, so the same is denied, and strict proof is demanded;

43. The allegations of ¶ 43 are denied, and strict proof is demanded for any allegation against Defendant Roberts. Defendant Roberts was not involved with No Tax 4 Nash and cannot admit or deny any allegations related to No Tax 4 Nash or the other Defendants' alleged actions;

44. The allegations of ¶ 44 are denied, and strict proof is demanded for any allegation against Defendant Roberts. Defendant Roberts was not involved with No Tax 4 Nash and cannot admit or deny any allegations related to No Tax 4 Nash or the other Defendants' alleged actions;

45. The allegations of ¶ 45 are denied, and strict proof is demanded for any allegation against Defendant Roberts. Defendant Roberts was not involved with No Tax 4 Nash and cannot admit or deny any allegations related to No Tax 4 Nash or the other Defendants' alleged actions;

46. The allegations of ¶ 46 are denied, and strict proof is demanded for any allegation against Defendant Roberts. Defendant Roberts was not involved with No Tax 4 Nash and cannot admit or deny any allegations related to No Tax 4 Nash or the other Defendants' alleged actions;

47. The allegations of ¶ 47 are denied, and strict proof is demanded for any allegation against Defendant Roberts. Defendant Roberts was not involved with No Tax 4 Nash and cannot admit or deny any allegations related to No Tax 4 Nash or the other Defendants' alleged actions;

48. The allegations of ¶ 49 are statements of law and/or actions by Plaintiffs of which Defendants Roberts has no knowledge;

49. The allegations of ¶ 49 are statements of law and/or actions by Plaintiffs of which Defendants Roberts has no knowledge;

50. The allegations of ¶ 50 are statements of law and/or actions by Plaintiffs of which Defendants Roberts has no knowledge;

51. The allegations of ¶ 51 are statements of law and/or actions by Plaintiffs of which Defendants Roberts has no knowledge;

52. The allegations of ¶ 52 are denied, and strict proof is demanded for any allegation against Defendant Roberts. Defendant Roberts was not involved with No Tax 4 Nash and cannot admit or deny any allegations related to No Tax 4 Nash or the other Defendants' alleged actions;

53. The allegations of ¶ 53 are denied, and strict proof is demanded for any allegation against Defendant Roberts. Defendant Roberts was not involved with No Tax 4 Nash and cannot admit or deny any allegations related to No Tax 4 Nash or the other Defendants' alleged actions;

54. The allegations of ¶ 54 are denied, and strict proof is demanded for any allegation against Defendant Roberts. Defendant Roberts was not involved with No Tax 4 Nash and cannot admit or deny any allegations related to No Tax 4 Nash or the other Defendants' alleged actions;;

55. The allegations of ¶ 55 are denied, and strict proof is demanded for any allegation against Defendant Roberts. Defendant Roberts was not involved with No Tax 4 Nash and cannot admit or deny any allegations related to No Tax 4 Nash or the other Defendants' alleged actions;

56. The allegations of ¶ 56 are denied, and strict proof is demanded for any allegation against Defendant Roberts. Defendant Roberts was not involved with No Tax 4 Nash and cannot admit or deny any allegations related to No Tax 4 Nash or the other Defendants' alleged actions;

57. The allegations of ¶ 57 are denied, and strict proof is demanded for any allegation against Defendant Roberts. Defendant Roberts was not involved with No Tax 4 Nash and cannot admit or deny any allegations related to No Tax 4 Nash or the other Defendants' alleged actions;

58. The allegations of ¶ 58 are denied, and strict proof is demanded for any allegation against Defendant Roberts. Defendant Roberts was not involved with No Tax 4 Nash and cannot admit or deny any allegations related to No Tax 4 Nash or the other Defendants' alleged actions;

59. The allegations of ¶ 59 are denied, and strict proof is demanded for any allegation against Defendant Roberts. Defendant Roberts was not involved with No Tax 4 Nash and cannot admit or deny any allegations related to No Tax 4 Nash or the other Defendants' alleged actions;

60. The allegations of ¶ 60 do not require a response;

61. The allegations of ¶ 61 are denied, and strict proof is demanded for any allegation against Defendant Roberts. Defendant Roberts was not involved with No Tax 4 Nash and cannot admit or deny any allegations related to No Tax 4 Nash or the other Defendants' alleged actions;

62. The allegations of ¶ 62 are denied and strict proof is demanded for any allegation against Defendant Roberts. Defendant Roberts was not involved with No Tax 4 Nash and cannot admit or deny any allegations related to No Tax 4 Nash or the other Defendants' alleged actions;

63. The allegations of ¶ 63 are denied and strict proof is demanded for any allegation against Defendant Roberts. Defendant Roberts was not involved with No Tax 4 Nash and cannot admit or deny any allegations related to No Tax 4 Nash or the other Defendants' alleged actions;

64. The allegations of ¶ 64 are denied and strict proof is demanded for any allegation against Defendant Roberts. Defendant Roberts was not involved with No Tax 4 Nash and cannot admit or deny any allegations related to No Tax 4 Nash or the other Defendants' alleged actions;

65. The allegations of ¶ 65 are denied and strict proof is demanded for any allegation against Defendant Roberts. Defendant Roberts was not involved with No Tax 4 Nash and cannot admit or deny any allegations related to No Tax 4 Nash or the other Defendants' alleged actions;

66. The allegations of ¶ 66 are denied and strict proof is demanded for any allegation against Defendant Roberts. Defendant Roberts was not involved with No Tax 4 Nash and cannot admit or deny any allegations related to No Tax 4 Nash or the other Defendants' alleged actions;

67. The allegations of ¶ 67 are denied and strict proof is demanded for any allegation against Defendant Roberts. Defendant Roberts was not involved with No Tax 4 Nash and cannot admit or deny any allegations related to No Tax 4 Nash or the other Defendants' alleged actions;

68. The allegations of ¶ 68 do not require a response;

69. The allegations of ¶ 69 are denied, and strict proof is demanded for any allegation against Defendant Roberts. Defendant Roberts was not involved with No Tax 4 Nash and cannot admit or deny any allegations related to No Tax 4 Nash or the other Defendants' alleged actions. The allegation that there was an "agreement" by Defendant Roberts with other Defendants is a bold face lie and material fabrication of evidence intentionally calculated to deceive the Court. On information and belief, said willful and intentional lie was crafted by Plaintiffs' counsel to manufacture jurisdiction and standing.

70. The allegations of ¶ 70 are denied, and strict proof is demanded for any allegation against Defendant Roberts. Defendant Roberts was not involved with No Tax 4 Nash and cannot admit or deny any allegations related to No Tax 4 Nash or the other Defendants' alleged actions. The allegation that Defendant Roberts "procured a post office box on behalf of Defendant No Tax 4 Nash" is a bold face lie and material fabrication of evidence intentionally calculated to deceive the Court. Due to United States Postal Service regulations, the identify of a box holder could <u>not</u> have been determined without violating the privacy of the box holder[2]. On information

---

[2] Handbook AS-353, Guide to Privacy, the Freedom of Information Act, and Records Management - Contents

2-3.2 Privacy Act
The Privacy Act provides privacy protections for personal information maintained by agencies.

and belief, said willful and intentional lie was crafted by Plaintiffs' counsel to manufacture jurisdiction and standing. To the extent that Defendant Roberts is being accused of "creat[ing] a website, hired a telephone call vendor, and directed and approved a recorded message" said allegation are denied, and the same are further intentional misrepresentations to the Court;

71. The allegations of ¶ 71 are denied, and strict proof is demanded for any allegation against Defendant Roberts. Defendant Roberts was not involved with No Tax 4 Nash and cannot admit or deny any allegations related to No Tax 4 Nash or the other Defendants' alleged actions. The allegation that Defendant Roberts "met in person and/or communicated by phone and email to achieve the objectives of the conspiracy" is a bold face lie and material fabrication of evidence intentionally calculated to deceive the Court. Due to United States Postal Service regulations, the identify of a box holder could not have been determined without violating the privacy of the box holder. On information and belief, said willful and intentional lie was crafted by Plaintiffs' counsel to manufacture jurisdiction and standing. To the extent that Defendant Roberts is being

---

A summary of the Privacy Act follows.
  a. *General.* The Privacy Act of 1974, 5 U.S.C. 552a, applies to federal agencies, including the Postal Service. The Act provides privacy protections for personal information that agencies maintain in a "system of records." A system of records is a file, database, or program from which personal information is retrieved by name or other identifier. A full description of Privacy Act protections and Postal Service systems of records is contained in the Appendix. Postal Service regulations regarding the Privacy Act are located in 39 CFR 266 and 268. Procedures relating to the Privacy Act are described in chapter 3.
  b. *Requirements.* When an agency maintains a system of records, it must publish a notice that describes the system in the *Federal Register.* The notice must document how the agency manages personal information within the system. This includes how information is collected, used, disclosed, stored, and discarded. It also includes how individuals can exercise their rights to obtain access to and amend information relating to themselves contained in the system. The Privacy Act further requires that the Postal Service provide an appropriate privacy notice to individuals when they are asked to provide information about themselves.
  c. *Penalties.* The Privacy Act provides **criminal penalties**, in the form of fines of up to $5,000, for any officer or employee who:
      1. Willfully maintains a system of records that contains information about an individual without giving appropriate notice in the *Federal Register;* or
      2. Knowing that disclosure is prohibited, willfully discloses information about an individual in any manner to any person or agency not entitled to receive it.

**The Privacy Act also provides criminal penalties, in the form of fines of up to $5,000, for any person who knowingly and willfully requests or obtains under false pretenses any record about another individual.**

accused of "creat[ing] a website, hired a telephone call vendor and directed and approved a recorded message" said allegation are denied and the same are further intentional misrepresentations to the Court;

72. The allegations of ¶ 72 are denied, and strict proof is demanded for any allegation against Defendant Roberts.

## Trial by Jury

73. Defendant Jim Roberts request a trial by jury

## Prayer for Relief

WHEREFORE, Defendant Jim Roberts prays the complaint be dismissed.

## Affirmative Defenses

1. The Plaintiffs' Complaint fails to state a claim against Defendant Roberts upon which relief can be granted.

2. Defendant Roberts denies any violations of the Telephone Consumer Protection Act. However, without waiving such defenses, Defendant Roberts would show that any allegations brought by the Plaintiffs, if proven, were for actions caused by other Defendants and believed to have been unintentional and resulted from a bona fide error not withstanding the maintenance and procedures reasonably adapted to avoid such errors.

3. That the Plaintiffs directly or indirectly consented to telephone communications;

4. That the Plaintiffs have no damages from the alleged communications;

5. The Plaintiff's action is brought in bad faith, and evidenced by their material misrepresentations and outright fabrication of facts, and for the purpose of harassment and

stifling political debate, as such, Defendant Roberts should be awarded his attorney's fees in relation to the defense of this case;

6. Defendant Roberts adopts and incorporates herein by reference any allegations and/or defenses raised in any Answer submitted by the other defendants as if set forth herein verbatim.

WHEREFORE, Defendant Roberts prays that the Complaint against them be dismissed and a jury be empaneled to try the issues and that it recover his attorney's fees and expenses.

This the 17th day of August 2020.

Respectfully Subbitted:

_/s/ James Roberts_____
James D. R. Roberts, Jr, BPR# 017537
Creditor Law Center
Roberts & Associates
1700 Hayes Street, Suite 201
Nashville, Tennessee 37203
(615) 242-2002 office
(615) 242-2042 facsimile
Jim.Roberts@CreditorLawCenter.com
www. CreditorLawCenter.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the forgoing has been sent by ECF and Email to John Spragens, Spragens Law, PLC, 311 22nd Ave. North, Nashville, TN 37203, Michelle Forman at gallagherchic2@msn.com and Kimberly Edwards at KimEdwards524@gmail.com on August 17, 2020.

__/s/ James Roberts_____
JAMES D. R. ROBERTS, JR.