IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RACHAEL ANNE ELROD, ANDREW KAUFMAN, and SARAH MARTIN, on behalf of themselves and all others similarly situated, | )<br>)<br>)<br>) CASE NO.: 3:20-cv-00617<br>) |
| Plaintiffs, | ) CLASS ACTION<br>) |
| V. | ) JURY DEMANDED<br>) |
| NO TAX 4 NASH, JIM ROBERTS, MICHELLE FOREMAN, KIMBERLY EDWARDS, and JOHN DOES 1-10 | )<br>)<br>)<br>) |
| Defendants. | ) |

___

## ANSWER OF MICHELLE FOREMAN
___

Comes the Defendant, Michelle Foreman, by and through counsel, and hereby answers the Complaint against her as follows:

1. The factual averments in numbered paragraph 1 of the Complaint are Denied.

2. The factual averments in numbered paragraph 2 of the Complaint are Denied.

3. The factual averments in numbered paragraph 3 of the Complaint are Denied.

4. The factual averments in numbered paragraph 4 of the Complaint are Denied.

5. The factual averments in numbered paragraph 5 of the Complaint are Denied.

6. The factual averments in numbered paragraph 6 of the Complaint are Denied.

7. The factual averments in numbered paragraph 7 of the Complaint are Denied.

8. The Defendant is without sufficient knowledge to admit or deny the factual averments in numbered paragraph 8 of the Complaint.

9. The Defendant is without sufficient knowledge to admit or deny the factual averments in numbered paragraph 9 of the Complaint.

10. The Defendant is without sufficient knowledge to admit or deny the factual averments in numbered paragraph 10 of the Complaint.

11. The Defendant is without sufficient knowledge to admit or deny the factual averments in numbered paragraph 11 of the Complaint.

12. The factual averments in numbered paragraph 12 of the Complaint are believed to be True.

13. The factual averments in numbered paragraph 13 of the Complaint are Denied.

14. The factual averments in numbered paragraph 14 of the Complaint are believed to be accurate.

15. The factual averments in numbered paragraph 15 of the Complaint are believed to be true, but the Defendant cannot specifically admit without further investigation.

16. The factual averments in numbered paragraph 16 of the Complaint are believed to be true, but the Defendant cannot specifically admit without further investigation.

17. The factual averments in numbered paragraph 17 of the Complaint are believed to be true, but the Defendant cannot specifically admit without further investigation.

18. The factual averments in numbered paragraph 18 of the Complaint are believed to be true, but the Defendant cannot specifically admit without further investigation.

19. The factual averments in numbered paragraph 19 of the Complaint are believed to be true, but the Defendant cannot specifically admit without further investigation.

20. The factual averments in numbered paragraph 20 of the Complaint are believed to be true, but the Defendant cannot specifically admit without further investigation.

21. The factual averments in numbered paragraph 21 of the Complaint are believed to be true, but the Defendant cannot specifically admit without further investigation.

22. The averments of numbered paragraph 22 of the Complaint are a statement of law and require no response, otherwise the averment is Denied.

23. The averments of numbered paragraph 23 of the Complaint are a statement of law and require no response, otherwise the averment is Denied.

24. The averments of numbered paragraph 24 of the Complaint are a statement of law and require no response, otherwise the averment is Denied.

25. The averments of numbered paragraph 25 of the Complaint are a statement of law and require no response, otherwise the averment is Denied.

26. The averments of numbered paragraph 26 of the Complaint are a statement of law and require no response, otherwise the averment is Denied.

27. The averments of numbered paragraph 27 of the Complaint are a statement of law and require no response, otherwise the averment is Denied.

28. The factual averments in numbered paragraph 28 of the Complaint are Denied.

29. The factual averments in numbered paragraph 29 of the Complaint are Denied.

30. The factual averments in numbered paragraph 30 of the Complaint are Denied.

31. The factual averments in numbered paragraph 31 of the Complaint are Denied.

32. The factual averments in numbered paragraph 32 of the Complaint are Denied.

33. The factual averments in numbered paragraph 33 of the Complaint are Denied.

34. The factual averments in numbered paragraph 34 of the Complaint are Denied.

35. The factual averments in numbered paragraph 35 of the Complaint are Denied.

36. The averments of numbered paragraph 36 of the Complaint are a statement of law and require no response, otherwise the averment is Denied.

37. The factual averments in numbered paragraph 37 of the Complaint are Denied.

38. The factual averments in numbered paragraph 38 of the Complaint are Admitted.

39. The factual averments in numbered paragraph 39 of the Complaint are denied as stated and depicted. It is admitted that Defendant, Foreman, has worked to recall Mayor John Cooper and others as a result of their alleged malfeasance and incompetence in governing Nashville.

40. The factual averments in numbered paragraph 40 of the Complaint are denied as stated.

41. The factual averments in numbered paragraph 41 of the Complaint are Denied.

42. The factual averments in numbered paragraph 42 of the Complaint are Denied.

43. The factual averments in numbered paragraph 43 of the Complaint are Denied.

44. The factual averments in numbered paragraph 44 of the Complaint are Denied.

45. The factual averments in numbered paragraph 45 of the Complaint are Denied.

46. The factual averments in numbered paragraph 46 of the Complaint are Denied.

47. The factual averments in numbered paragraph 47 of the Complaint are Denied.

48. The averments of numbered paragraph 48 of the Complaint are a statement of law and require no response, otherwise the averment is Denied.

49. The factual averments in numbered paragraph 49 of the Complaint are Denied.

50. The factual averments in numbered paragraph 50 of the Complaint are Denied.

51. The factual averments in numbered paragraph 51 of the Complaint are Denied.

52. The factual averments in numbered paragraph 52 of the Complaint are Denied.

53. The factual averments in numbered paragraph 53 of the Complaint are Denied. The Complaint speaks for itself.

54. The factual averments in numbered paragraph 54 of the Complaint are Denied.

55. The factual averments in numbered paragraph 55 of the Complaint are Denied.

56. The factual averments in numbered paragraph 56 of the Complaint are Denied.

57. The Complaint speaks for itself, otherwise the averments are Denied.

58. The factual averments in numbered paragraph 58 of the Complaint are Denied.

59. The factual averments in numbered paragraph 59 of the Complaint are Denied.

60. The Defendant relies upon her answers to all previously stated averments as well as defenses thereto as if repeated verbatim herein.

61. The factual averments in numbered paragraph 61 of the Complaint are Denied.

62. The factual averments in numbered paragraph 62 of the Complaint are Denied.

63. The factual averments in numbered paragraph 63 of the Complaint are Denied.

64. The Defendant relies upon her answers to all previously stated averments as well as defenses thereto as if repeated verbatim herein.

65. The factual averments in numbered paragraph 65 of the Complaint are Denied.

66. The factual averments in numbered paragraph 66 of the Complaint are Denied.

67. The factual averments in numbered paragraph 67 of the Complaint are Denied.

68. The Defendant relies upon her answers to all previously stated averments as well as defenses thereto.

69. The factual averments in numbered paragraph 69 of the Complaint are Denied.

70. Any and all averments against this Defendant are Denied.

71. The factual averments in numbered paragraph 71 of the Complaint are Denied.

72. The factual averments in numbered paragraph 72 of the Complaint are Denied.

Any factual averments not expressly admitted are hereby Denied.

**The Defendant, Michelle Foreman, relies upon the following affirmative defenses:**

1. The Defendant relies upon the affirmative defense of failure to state a cause of action upon which relief can be granted.
2. The Defendant relies upon the affirmative defense of no agency.
3. The Defendant relies upon the affirmative defense of impossibility.
4. The Defendant relies upon the affirmative defense that if there were any violations of the law and T.C.P.A. at 47 U.S.C. §227 that they were committed by Best Sellers, LLC or some other party or individual on their own volition and without her direction, acquiescence, control or consent.
5. The Defendant relies upon the affirmative defense of the statute of frauds.
6. The Defendant relies upon the affirmative defense of her 1st Amendment right to protest, and express her views.
7. The Defendant relies upon the affirmative defense of unclean hands and barratry.
8. The Defendant relies upon the affirmative defense of failure to agree to commit any legal violations.
9. The Defendant relies upon the affirmative defense of no intentional or knowing violations of the law.

**The Defendant, Michelle Foreman, prays for the following relief:**

1. That the Complaint be dismissed with prejudice;

2. That the Defendant be awarded her attorney's fees and costs in defending this action;

3. That a jury of twelve (12) be impaneled to hear this action;

4. That the Court deny the certification of any proposed class and class action;

5. That she be awarded such other, further relief to which she may be entitled.


           **Respectfully submitted,**

           **KLINE PRESTON LAW GROUP**


           **/s/ G. Kline Preston, IV, Esq.**
           **G. Kline Preston, IV, Esq.**
           **Belle Meade Office Park**
           **4515 Harding Pike, Suite 107**
           **Nashville, TN 37205**
           **(615) 279-1619**
           **(866) 610-9565 Fax**
           **kpreston@klineprestonlaw.com**
           *Attorney for Defendant, Michelle Foreman*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing has been served via CM/ECF on the 18th day of August 2020 on the following:

Mr. John Spragens, Esq.
Spragens Law, PLC
311 22nd Avenue North
Nashville, TN 37203

/s/ G. Kline Preston, IV, Esq.
G. Kline Preston, IV, Esq.