# EXHIBIT 1

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BROOKS BRASFIELD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NOTAX4NASH, and JOHN DOES 1-10,<br><br>Defendants. | Case No.: 3:20-cv-00618<br><br>District Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Jeffery S. Frensley<br><br>JURY DEMANDED |

**PLAINTIFF'S UNOPPOSED MOTION TO TRANSFER AND CONSOLIDATE**

Plaintiff, Brooks Brasfield, on behalf of himself and all others similarly situated, by and through undersigned counsel, and pursuant to Rule 42 of the Fed. R. of Civ. P., hereby submits his Unopposed Motion to Transfer and Consolidate. Plaintiff respectfully requests transfer and consolidation of the following cases: *Brasfield v. NoTax4Nash, et al.*, Case No. 3:20-cv-00618 and *Elrod v. No Tax 4 Nash, et al.,* Case No. 3:20-cv-00617.[1] In support of this Motion, Plaintiff relies upon the attached Memorandum of Law filed contemporaneously herewith.

DATED: August 11, 2020

Respectfully submitted,

*/s/ Joe P. Leniski Jr.*
Joe P. Leniski, Jr. (TN Bar. No. 22891)
Anthony Orlandi (TN Bar No. 33891)
BRANSTETTER, STRANCH &JENNINGS, PLLC
The Freedom Center
223 Rosa Parks Avenue, Suite 200
Nashville, Tennessee 37203
Telephone: (615) 254-8801
Email: joeyl@bsjfirm.com
     aorlandi@bsjfirm.com
*Attorneys for Plaintiff*

---

[1] Counsel for Plaintiff Brasfield has conferred with Counsel for the Plaintiffs in the *Elrod* matter, who has indicated that he does not oppose this Motion.

## CERTIFICATE OF SERVICE

I certify that on this August 11, 2020, I electronically filed the foregoing document using the Court's CM/ECF system, and a copy of this filing will be sent electronically to the registered participants as identified on the Notice of Electronic Filing. The following will also receive service via by U.S. Mail, postage pre-paid:

NoTax4Nash
P.O. Box 210976
Nashville, TN 37221

*/s/ Joe P. Leniski, Jr.*
Joe P. Leniski, Jr.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BROOKS BRASFIELD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NOTAX4NASH, and JOHN DOES 1-10,<br><br>Defendants. | Case No.: 3:20-cv-00618<br><br>District Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Jeffery S. Frensley<br><br>JURY DEMANDED |

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS MOTION TO TRANSFER AND CONSOLIDATE

Plaintiff, Brooks Brasfield on behalf of himself and all others similarly situated, by and through undersigned counsel, and pursuant to Rule 42 of the Federal Rules of Civil Procedure, hereby submits this Memorandum in Support of His Motion to Transfer and Consolidate the present case, *Brasfield v. NoTax4Nash, et al.*, Case No. 3:20-cv-00618 ("Brasfield"), with the first-filed action in this Federal District regarding the subject matter of the litigation, *Elrod v. No Tax 4 Nash, et al.,* Case No. 3:20-cv-00617 ("Elrod"), which is assigned to Judge Eli J. Richardson and Magistrate Judge Barbara D. Holmes. Plaintiffs in the *Elrod* case have been apprised of the instant motion and do not oppose it.

### INTRODUCTION

Where, as here, actions before the Court involve common questions of law or fact, "[t]he Court may …(1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). Once a motion to consolidate meets the threshold requirements involving a common question of

law or fact, the decision of whether to consolidate issues or determine them separately is a matter of discretion. *Cantrell v. GAF Corp.,* 999 F.2d 1007, 1010 (6th Cir. 1993) (citations omitted). The Court may exercise such discretion "to administer the court's business" "with expedition and economy while providing justice to the parties." *United States ex rel. Cook v. Cmty. Health Sys., Inc.,* No. 3:11-00442, 2015 WL 10934319, at *1 (M.D. Tenn. Feb. 25, 2015).

## ARGUMENT

Plaintiff has filed a motion to transfer and consolidate this matter with the *Elrod* case that is also pending in this Federal District (D.E. 7, the "Motion"). Plaintiff anticipates coordinating discovery and other pretrial matters, and such a consolidation would best serve the interests of the Court in judicial economy and the Parties' respective resources would be served by having the same Judge(s) conduct coordinated case management and hearings, and issuing consistent orders addressing pre-trial matters such as dispositive and pre-trial motions. For the same reasons, more fully explained below, Plaintiff urges the Court that all pre-trial matters can, and should be, handled on a consolidated basis.

**I.     These two cases share common – virtually identical – issues of law and fact.**

The two cases in question easily clear the threshold of common issues of law and fact required before the Court can consider consolidation. These cases both involve violations of the Telephone Consumer Protection Act resulting from an identical fact pattern evolving from several robocalls made to Nashville voters relating to a recall petition of the mayor and city council members who supported the property tax increase, which included the following message:

> "Nashville voters if you would like to sign the recall petition for the mayor and council members who supported the 34% property tax increase we will be at all 11 polling locations on Friday and Saturday for early voting. If you have any questions find us on Facebook or go to our website NoTax4Nash.com. Have a wonderful evening and don't forget to vote paid for by NoTax4Nash." D.E. 1, p. 4.

Not surprisingly, the Class definitions are nearly identical:

2

Case 3:20-cv-00651 Document 13-1 Filed 08/12/20 Page 2 of 6 PageID #: 232
Case 3:20-cv-00618 Document 11 Filed 08/12/20 Page 5 of 9 PageID #: 37

| Case No. | Class Definition |
|---|---|
| *Brasfield v. NoTax4Nash, et al.* | All individuals who received, between July 16, 2020 and the filing date of this Complaint, one or more pre-recorded calls to their cellular telephones from the phone number 615-348-5237. |
| *Elrod v. No Tax 4 Nash, et al.* | All persons in the United States who received a call from "No Tax 4 Nash" from an automated telephone dialing system and/or utilizing a prerecorded voice on or after July 16, 2020, without the recipients' prior express consent. |

Finally, the nature of the remedies that are requested in both cases include similar requests for injunctive relief, statutory damages, trial by jury and attorneys' fees and costs.

Given their similarities, discovery in these cases will surely overlap considerably and will involve the exchange of virtually the same documents and depositions of virtually the same witnesses. The discovery schedules will almost mirror each other undoubtedly in each of the cases given the date of filing (both on the same day) and current case management conference dates:

| Case No. | Date Filed | Current Initial Case Management Conference Date |
|---|---|---|
| *Brasfield v. NoTax4Nash, et al.* | July 17, 2020 | September 23, 2020 at 9:30 am |
| *Elrod v. No Tax 4 Nash, et al.* | July 17, 2020 | September 1, 2020 at 9:30 am |

The two cases clearly involve common questions of law and fact and it would be in the interest of judicial efficiency to avoid the unnecessary costs, resources and delays that would result in the cases moving forward for discovery and pre-trial purposes separately. Therefore, the Court may properly consider consolidating these cases for pre-trial purposes to minimize duplication of motion practice, rulings, and deadlines.

**II. Consolidation of these cases will result in a decreased burden on all Parties and the Court.**

In order to determine whether "expedition and economy" are served, the Court must consider a number of factors, including "whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives." *Cantrell v. GAF Corp.,* 999 F.2d 1007, 1011 (6th Cir. 1993). Further, "[a] party moving for consolidation must bear the burden of showing the commonality of factual and legal issues in different actions, ... and the district court must examine the 'special underlying facts' with 'close attention' before ordering a consolidation." *In Re Repetitive Stress Injury Litigation*, 11 F.3d 368, 373 (2d Cir. 1994) *on reh'g*, 35 F.3d 637 (2d Cir. 1994) (citation omitted). *3D Enterprises Contracting Corp. v. Harpeth Valley Utilities Dist.,* No. 3:05-cv-0594, 2006 WL 8457621, at *1 (M.D. Tenn. Oct. 11, 2006). Plaintiff is only requesting that the Court consider consolidation for pre-trial purposes at this time and reserve the question of consolidating the two cases for trial. "Rule 42(a)…contemplates consolidation for purposes of particular segments of the litigation, such as pretrial proceedings." *Magnavox Co. v. APF Elecs., Inc.*, 496 F. Supp. 29, 32 (N.D. Ill. 1980) (citations omitted).

Since there are common factual and legal issues as stated above, there is significant risk of inconsistent adjudications of common factual and legal issues in this instance. There is no prejudice to the Defendants inherent in consolidation for pretrial purposes, since "[c]onsolidation is not joinder. It is a matter of convenience and economy but does not merge the suits into a single cause, or change the rights of parties, or make those who are parties in one suit parties in another. *U.S. ex rel. & for Use of Tennessee Valley Auth. v. An Easement & Right-of-Way Over 1.8 Acres*

4

*of Land, More or Less, in Maury Cty., Tenn.*, 682 F. Supp. 353, 355 (M.D. Tenn. 1988) (citing *Johnson v. Manhattan Railway Co.,* 289 U.S. 479, 496, 53 S.Ct. 721, 727–28, 77 L.Ed. 1331, 1345 (1933)). Neither case has involved significant motion practice, and Defendants have not yet been served. Therefore, there would certainly be no prejudice to the Defendants, nor any undue delay or extension of time. As discovery will be virtually identical in all respects, it would double the burden on all the included Parties, witnesses, and the Court to proceed separately in terms of both time and expense. Thus, not only do considerations of convenience and economy suggest that these two cases should be consolidated for pre-trial purposes, they seemingly demand it.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant the Motion to Transfer and Consolidate this matter for purposes of all upcoming pre-trial matters, including the initial case management conference, under Rule 42 of the Fed. R. of Civ. P. with the *Elrod* case pending before Judge Richardson and Magistrate Judge Holmes.

DATED: August 11, 2020　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　***/s/ Joe P. Leniski Jr.***
　　　　　　　　　　　　　　　　　　Joe P. Leniski, Jr. (TN Bar. No. 22891)
　　　　　　　　　　　　　　　　　　Anthony Orlandi (TN Bar No. 33988)
　　　　　　　　　　　　　　　　　　BRANSTETTER, STRANCH &JENNINGS, PLLC
　　　　　　　　　　　　　　　　　　The Freedom Center
　　　　　　　　　　　　　　　　　　223 Rosa Parks Avenue, Suite 200
　　　　　　　　　　　　　　　　　　Nashville, Tennessee 37203
　　　　　　　　　　　　　　　　　　Telephone: (615) 254-8801
　　　　　　　　　　　　　　　　　　Email: joeyl@bsjfirm.com
　　　　　　　　　　　　　　　　　　　　　　 aorlandi@bsjfirm.com

　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff*

5

Case 3:20-cv-00661 Document 13-1 Filed 08/12/20 Page 8 of 9 PageID #: 275
Case 3:20-cv-00518 Document 11 Filed 08/11/20 Page 5 of 6 PageID #: 267

## CERTIFICATE OF SERVICE

I certify that on this August 11, 2020, I electronically filed the foregoing document using the Court's CM/ECF system, and a copy of this filing will be sent electronically to the registered participants as identified on the Notice of Electronic Filing. The following will also receive service via by U.S. Mail, postage pre-paid:

NoTax4Nash
P.O. Box 210976
Nashville, TN 37221


*/s/ Joe P. Leniski, Jr.*
Joe P. Leniski, Jr.