UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| RACHEL ANNE ELROD, ANDREW KAUFMAN, and SARAH MARTIN, on behalf of themselves and all others similarly situated, | ) ) ) ) ) Civil Action No. 3:20-cv-00617 |
| Plaintiffs, | ) ) ) |
| v. | ) Class Action ) |
| NO TAX 4 NASH, JIM ROBERTS, MICHELLE FOREMAN, KIMBERLY EDWARDS, and JOHN DOES 1-10, | ) Jury Trial Demanded ) ) ) |
| Defendants. | ) |

___

**DEFENDANT, MICHELLE FOREMAN'S, MOTION TO DISMISS THE COMPLAINT**
___

The present action arises out of allegations that Plaintiffs, along with other individuals, received automated calls to their cellphones in violation of the Telephone Consumer Protection Act (the "TCPA"). However, the Complaint is entirely devoid of factual allegations that could support imposition of personal liability on Defendant, Michelle Foreman, and, therefore, all counts against Ms. Foreman should be dismissed.

### STATEMENT OF FACTS

The Complaint alleges that on or around July 16, 2020, Plaintiffs received autodialed and pre-recorded calls on their cellular phones. (Compl. at ¶ 28). The content of the message provided information about a recall petition for the mayor and council members who supported the property tax increase for Nashville and stated that members of the activist group would be at the polling locations. (*Id.* at ¶ 29). The Complaint further alleges that the message suggested that Plaintiffs might find additional information on the No Tax 4 Nash website or Facebook group and that the

message stated it was paid for by No Tax 4 Nash. (*Id.*). The Complaint further states that Defendant "No Tax 4 Nash" "paid for, authorized, and directed the unwanted robocalls." (*Id.* at ¶ 37).

The only specific allegations against Ms. Foreman state that she is "spearheading Defendant No Tax 4 Nash," is the entity's public spokeswoman and representative, and "works in concert with a small team of people that may not want to be named." (*Id.* at ¶ 39). These allegations come from several articles in the Tennessee Star, and the statements that Ms. Foreman is "public spokeswoman" and is "spearheading" the movement are from the reporters' summaries rather than direct quotes from Ms. Foreman. (*See id.* at fn. 12-14 and articles linked). The Complaint further contains conclusory statements that Ms. Foreman, along with Mr. Roberts and Ms. Edwards, are "involved with the illegal robocall campaign" and that "all telephone contact" was "made by or at the direction of Defendants." (*Id.* at ¶¶ 40, 43).

Counts One through Three also do not identify any specific actions attributed to Ms. Foreman. (*See id.* at ¶¶ 60-72). The Counts only reference "Defendants' violations" and allege in a conclusory manner that "Defendants agreed among themselves to violate the TCPA . . . by conducting an illegal robocalling campaign to encourage Nashville residents to sign their referendum petition." (*Id.*).

## ARGUMENT

### I. Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action is insufficient. *Id.* Where well-pleaded facts do not permit

the Court to infer more than the mere possibility of misconduct, a complaint will have only alleged but not shown that the pleader is entitled to relief. *Id.* at 679.

A motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept as true all of the allegations contained in the complaint and resolve all doubts in the plaintiff's favor. *See Cunningham v. Kondaur Capital*, 2014 U.S. Dist. LEXIS 183095, at *5 (M.D. Tenn. Nov. 19, 2014). However, a legal conclusion, including one couched as a factual allegation, need not be accepted as true on a motion to dismiss, nor are mere recitations of the elements of a cause of action sufficient. *Iqbal*, 556 U.S. at 678; *see also Grove v. Metropolitan Government of Nashville and Davidson County*, 2019 U.S. Dist. LEXIS 89060, at *4 (M.D. Tenn. 2019) (granting motion to dismiss complaint for failure to state a claim). "In determining whether a complaint is sufficient under the standards of *Iqbal* and its predecessor and complementary case, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), it may be appropriate to 'begin [the] analysis by identifying the allegations in the complaint that are not entitled to the assumption of truth.'" *Grove*, 2019 U.S. Dist. LEXIS 89060, at *4. Such allegations include "bare assertions," formulaic recitation of the elements, and "conclusory" or "bald" allegations. *Iqbal*, 556 U.S. at 681. The next question is whether the remaining allegations of factual matter plausibly suggest an entitlement to relief. *Id.* If not, the pleading fails to meet the standard of Rule 8 and thus must be dismissed pursuant to Rule 12(b)(6). *See Grove*, 2019 U.S. Dist. LEXIS 89060, at *5.

II.     **Plaintiffs Failed to State a Cause of Action for TCPA Violations Against Ms. Foreman**

The TCPA is a statute that regulates the use of telephone technology and places restrictions on the use of automated telephone equipment. *Cunningham*, 2014 U.S. Dist. LEXIS 183095, at *7. TCPA states that "it shall be unlawful for any person . . . to make any call . . . using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone

number assigned to . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii). The courts have recognized that the liability can be imposed for direct acts in violation of TCPA and for the acts of agents acting on behalf of a defendant based on common-law theories of actual authority, apparent authority, or ratification. *See Keating v. Peterson's Nelnet, LLC*, 615 Fed. Appx. 365, 371 (6th Cir. 2015) (affirming grant of summary judgment where facts supporting vicarious liability were absent).

In *Cunningham*, the Court recommended dismissal of the complaint based on insufficient allegations of vicarious liability. *Cunningham*, 2014 U.S. Dist. LEXIS 183095, at *15-22. The Court held that the complaint was deficient in the absence of factual allegations of actual authority to act on defendant's behalf, allegations of defendant's actions as a principal that would have caused the plaintiff to believe that the other actors had apparent authority to act on defendant's behalf, or allegations showing that defendant ratified the actions or accepted the benefits of their actions in any manner. *Id.* at *19. "Even though the plaintiff's factual allegations are construed as true when reviewing the motion to dismiss, the plaintiff must 'do more than create speculation or suspicion of a legally cognizable cause of action; [he] must show entitlement to relief.'" *Id.* (quoting *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007)).

Here, the Plaintiffs' allegations against Ms. Foreman are similarly based "upon unsupported speculation and are not sufficient to show the existence of facts that would support vicarious liability." *See Cunningham*, 2014 U.S. Dist. LEXIS 183095, at *19. The Complaint in this action is lacking factual allegations that Ms. Foreman is directly responsible for placing the calls in question or of facts that could support imposition of liability based on a theory of vicarious liability. (*See* Compl. at ¶¶ 39-40, 43, 60-72). The Complaint alleges that Ms. Foreman is a public spokeswoman for the No Tax 4 Nash and works together with other like-minded individuals to

4

Case 3:20-cv-00617   Document 19   Filed 09/24/20   Page 4 of 6 PageID #: 99

promote the political message against the increase of property taxes. (*See id.* at 39-40, 43). Nowhere does the Complaint allege that Ms. Foreman is in a position to call the shots for the No Tax 4 Nash group or that she engaged a third-party to place calls on behalf of No Tax 4 Nash or otherwise acted to support a theory of apparent authority or to ratify the automated calls. (*See id.*). The only conclusory allegation that "Defendants agreed among themselves to violate the TCPA . . . by conducting an illegal robocalling campaign to encourage Nashville residents to sign their referendum petition" does not meet the minimum bar for a pleading and fails to put Ms. Foreman on notice of the allegations against her individually. In the absence of factual allegations rising above the level of "bare assertions", the Complaint should be dismissed as to Ms. Foreman for failure to state a claim.

## CONCLUSION

For the foregoing reasons, Defendant Michelle Foreman respectfully requests that this Court dismiss all counts of the Complaint against her with prejudice.

Respectfully submitted,

**KLINE PRESTON LAW GROUP, P.C.**

/s/ G. Kline Preston, IV, Esq.
G. KLINE PRESTON, IV, BPR # 017141
Belle Meade Office Park
4515 Harding Pike, Suite 107
Nashville, Tennessee 37205
Phone: (615) 279-1619
Facsimile: (866) 610-9565
kpreston@klineprestonlaw.com
*Attorneys for Defendant Michelle Foreman*

## CERTIFICATE OF SERVICE

I certify that I electronically filed this Motion with the Clerk of Court on the 24th day of September 2020, using the Court's electronic filing system, and that it has been forwarded via CM/ECF to:

Mr. John Spragens, Esq. (BPR #31445)
SPRAGENS LAW PLC
311 22nd Ave. N.
Nashville, TN 37203
Tel: 615-983-8900
Fax: 615-682-8533
John@spragenslaw.com

Mr. Joe P. Leniski, Jr. (BPR #22891)
Mr. Anthony Orlandi (BPR #33891)
BRANSTETTER, STRANCH & JENNINGS, PLLC
The Freedom Center
223 Rosa Parks Avenue, Suite 200
Nashville, tN 37203
Tel: 615-254-8801
joeyl@bsjfirm.com
aorlandi@bsjfirm.com

Mr. James D.R. Roberts, Jr, Esq.
Roberts & Associates
1700 Hayes Street, Suite 201
Nashville, TN 37203
Tel: 615-242-2002
Fax: 615-242-2042
Jim.Roberts@CreditorLawCenter.com

/s/ G. Kline Preston, IV, Esq.
G. Kline Preston, IV, Esq.