IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

RACHAEL ANNE ELROD, et al.,          )
                                     )
          Plaintiffs,                )
                                     )
v.                                   )          NO. 3:20-cv-00617
                                     )          JUDGE RICHARDSON
NO TAX 4 NASH, et al.,               )
                                     )
          Defendants.                )
                                     )

## MEMORANDUM OPINION

Pending before the Court is Representative Plaintiffs' Unopposed Motion for Class Certification Under Fed. R. Civ. P. 23 (Doc. No. 37, "the Motion").

## INTRODUCTION

The Representative (*i.e.,* "named") Plaintiffs (Elrod, Kaufman, Martin and Brasfield, collectively, "Plaintiffs) brought this action on behalf of themselves and all others similarly situated, pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, against three Defendants (No Tax 4 Nash, Foreman, and Moore). Plaintiffs allege that Defendants caused Plaintiffs and others similarly situated to receive, on July 16, 2020, pre-recorded robocalls soliciting support for Defendants' recall petition for the mayor and council members who supported a recent property tax increase for Nashville.[1] Plaintiffs assert (and represent that Defendants do not dispute) that Plaintiffs did not give prior express consent to receive these telephone robocalls. As a result, Plaintiffs claim that Defendants violated the TCPA. The Second Amended Complaint ("SAC") alleges three counts: Count I – knowing and willful violations of

---

[1] The pre-recorded message played if the placed call was answered. If it was not answered, a voicemail was left. (Doc. No. 39-3 at ¶ 7).

the TCPA; Count II – statutory violations of the TCPA; and Count III – civil conspiracy to violate the TCPA. (Doc. No. 42). Plaintiffs seek both damages and injunctive relief, each of which is a form remedy specifically contemplated by the TCPA. *See* 47 U.S.C. § 277(b)(3).

The Motion seeks certification of a class of Plaintiffs defined as: "All individuals who received, between July 16, 2020, and the filing date of the Complaint,[2] one or more pre-recorded calls to their cellular telephones from the phone number 615-348-5237." Plaintiffs represent that Defendants do not oppose the Motion.

## CLASS CERTIFICATION – RULE 23(a)

In order to certify a class, the Court must be satisfied that Plaintiffs have met the requirements of both Rule 23(a) and Rule 23(b) of the Federal Rules of Civil Procedure.[3] Rule 23(a) establishes four requirements: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties (in this case, Plaintiffs) are typical of those of the class; and (4) the

---

[2] The original Complaint in this action was filed on July 17, 2020, the day after the calls on the evening of July 16, 2020. It is unclear to the Court how individuals could have received calls "between" July 16, 2020 and July 17, 2020. The Court realizes that in this kind of context, between often effectively means "no earlier than 12:00 a.m. on [the first date] and no later than 11:59 p.m. on [the second date], but the term is a little awkward (and arguably unclear here) when it superficially appears to refer to something that actually does not exist, *i.e.* a time period "between" two consecutive days. Thus, Plaintiffs will need to better define the class, as explained below.

[3] A class action will be certified only if, after rigorous analysis, the Court is satisfied that the prerequisites of Rule 23(a) have been met and that the action falls within one of the categories under Rule 23(b). *Burges v. Bancorpsouth, Inc.*, No. 3:14-cv-1564, 2017 WL 2772122 at * 2 (M.D. Tenn. June 26, 2017). The decision whether to certify a class, which is committed to the sound discretion of the district judge, turns on the particular facts and circumstances of each individual case. *Id.* The parties seeking class certification bear the burden of showing that the requirements for class certification are met. *Bridging Cmtys. Inc. v. Top Flite Fin. Inc.*, 843 F.3d 1119, 1124 (6th Cir. 2016).

representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).

(A) <u>Numerosity</u>

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." There is no strict numerical test for determining impracticability of joinder. Rather, the numerosity requirement requires examination of the specific facts of each case and imposes no absolute limitations. *Snead v. CoreCivic of Tennessee, LLC*, No. 3:17-cv-00949, 2020 WL 6390146, at *2 (M.D. Tenn. Apr. 6, 2020). While there is no strict minimum number of plaintiffs (putative class members) defined by law, courts within the Sixth Circuit have recently stated that the numerosity requirement is fulfilled when the number of class members exceeds forty. *Busby v. Bonner*, 466 F. Supp. 3d 821, 831 (W.D. Tenn. 2020).

Here, Plaintiffs have estimated—and Defendants, in discovery, provided evidence (evidence that has since been filed with the Court)[4]—that thousands of pre-recorded robocalls directed by Defendants were made to potential voters in Nashville. The Court finds that the numerosity requirement is met.

(B) <u>Commonality</u>

Rule 23's second requirement for class certification is that there be questions of law or fact common to the class. Fed. R. Civ. P. 23(a)(2). To demonstrate commonality, Plaintiff must show that class members have suffered the same injury. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Their claims must depend upon a common contention of such a nature that it is capable of class-wide resolution, which means that determination of its truth or falsity will resolve an issue

---

[4] *See* Doc. No. 39-5.

that is central to the validity of each claim in one stroke. *Id*.; *Food Lion, LLC v. Dean Foods Co.*, 312 F.R.D. 472, 483 (E.D. Tenn. 2016). What matters to class certification is not the raising of common questions, but the capacity of a class-wide proceeding to generate common *answers* apt to drive the resolution of the litigation. *Wal-Mart*, 564 U.S. at 350. There need be only a single issue common to all members of the class. *Emergency Med. Care Facilities v. BlueCross BlueShield of Tenn., Inc.*, 2016 WL 7429256 at *4 (W.D. Tenn. Apr. 15, 2016).

Here, Plaintiffs have identified the following common issues of fact and law: (1) whether the subject calls used an automatic telephone dialing system and pre-recorded voice; (2) whether the subject calls were made by or at the direction of Defendants; (3) whether Defendants obtained prior expressed consent; (4) whether Defendants' conduct was willful; (5) whether Defendants are liable for damages; (6) the amount of such damages; and (7) whether Defendants should be enjoined from making any future such calls. (Doc. No. 38 at 8).

Given the identical nature of the subject calls (identical manner of dialing and identical message), Plaintiffs have shown (without dispute from Defendants) that whether the calls used an automatic telephone dialing system and pre-recorded voice is a question common to all members of the class. (S*ee* Doc. No. 39-3 at ¶¶ 6-8).

Plaintiffs also have sufficiently shown that whether the subject calls were made by or at the direction of Defendants is likely a question common to all Plaintiffs, given that all alleged calls came from the same voter registration list, allegedly obtained by Defendants and provided to the companies conducting the robocalls (SAC, Doc. No. 42 at ¶¶ 48-49), and all alleged calls included a pre-recorded message stating that the calls were paid for by No Tax 4 Nash. In other words, there are no allegations of varied messages, calls originating from varied sources, or calls made at the

4

direction of varied persons. Ultimately, the evidence may or may not show that the subject calls were made at Defendants' direction, but the question appears likely to be common to all Plaintiffs.

In addition, Defendant Foreman has conceded that neither she nor No Tax 4 Nash obtained express consent from Plaintiffs to receive the subject calls. Particularly given Defendants' lack of opposition to the Motion, the Court finds it likely that the question of such consent (which conceivably could be resolved without much ado) is common to all class members.

Whether Defendants violated the TCPA and, if so, whether such violations were willful, also is likely to be an issue common to all class members, given the nature of the subject calls— Plaintiffs have shown (without dispute from Defendants) that all of the calls originated from the same source, had a destination phone number derived from the same voter registration list, and used the same automated dialer and pre-recorded message. There is no assertion, from Defendants or otherwise, for example, that some calls were different from others or that some calls were made at the direction of a person or entity different from others. Similarly, whether Defendants should be enjoined from any future such conduct likely can be determined on a class-wide basis.

Finally, the existence and extent of liability for damages will be based upon the TCPA itself, which provides for statutory damages of $500.00 for each violation, an amount that can be trebled to $1,500.00 if the misconduct was willful or knowing. 47 U.S.C. § 227(b)(3). Plaintiffs specifically seek these statutory amounts for themselves and class members. (Doc. No. 42 at ¶¶ 77 and 81. These questions concerning liability likely will not vary from individual to individual and are common to class members.

Accordingly, the Court finds that Plaintiffs have identified common issues, capable of class-wide resolution, sufficient to meet the commonality requirement.

(C) <u>Typicality</u>

Rule 23 also requires Plaintiffs to show that their claims or defenses are typical of the claims or defenses of the proposed class. Fed. R Civ. P. 23(a)(3). A plaintiff's claim is typical if it arises from the same practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory. *Hosp. Auth. of Metro. Gov't of Nashville & Davidson Cty., Tenn. v. Momenta Pharm., Inc.*, 333 F.R.D. 390, 404 (M.D. Tenn. 2019). Typicality is met if the class members' claims are fairly encompassed by the named plaintiffs' claims. *Weiner v. Tivity Health, Inc.*, 334 F.R.D. 123, 128 (M.D. Tenn. 2020). This requirement ensures that the representatives' (named plaintiffs') interests are aligned with the interests of the represented class members so that, by pursuing their own interests, the class representatives also advocate the interests of the class members. *Id.* In short, typicality entails that "as go the claim of the named plaintiff, so go the claims of the class." *Id.*

The Court finds that Plaintiffs have shown that their TCPA claims (for knowing and/or willful statutory violations and civil conspiracy to violate the TCPA) arise from the alleged same course of conduct by Defendants and under the same legal theory (TCPA) as those of the proposed class. As alleged, Plaintiffs were subjected to the same call as the proposed class members, from the same Defendants, and suffered the same injury. Plaintiffs' requested relief is the same as that sought for class members: statutory damages and injunctive relief. The instant alleged fact pattern is one that suggests little or no diversity, in terms of applicable alleged conduct by Defendants and applicable legal theories, across the spectrum of putative class members (including Plaintiffs).Thus, Plaintiffs have sufficiently demonstrated typicality.

(D) <u>Adequacy</u>

Rule 23(a) also requires Plaintiffs to show that they "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This requirement[5] protects the due-process interests of unnamed proposed class members who are bound by any judgment in the action. *McClendon v. N. C. Mut. Life Ins. Co.*, No. 3:17-cv-00404, 2020 WL 107102, at *5 (M.D. Tenn. Jan. 9, 2020). The Sixth Circuit employs the following two-prong test to determine adequacy: the class representatives (here, Plaintiffs) must (i) have common interests with the proposed class members; and (ii) vigorously prosecute the interests of the class through qualified counsel. *Id.* The adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts of interest between class representatives (in this case, Plaintiffs) and the class they seek to represent. *Weiner*, 334 F.R.D. at 128. Plaintiffs, as class representatives, must be part of the class and possess the same interest and suffer the same injury as the class members. *Id.* at 128-29. It must also appear that Plaintiffs will vigorously prosecute the interests of the class through qualified counsel. *Id.*[6]

Here, Plaintiffs have demonstrated that they have interests in common with the proposed class members, in that their claims arise from the same alleged course of conduct, during the same alleged time frame, allegedly by the same Defendants. Their claims are based on the same legal

---

[5] Together with commonality, typicality and adequacy serve as "guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claims and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *McClendon*, 2020 WL 107102, at *5.

[6] The adequate representation requirement overlaps with the typicality requirement because in the absence of typical claims, the class representatives (here, Plaintiffs) have no incentives to pursue the claims of the other class members. *Weiner*, 334 F.R.D. at 128. Because these two requirements tend to merge, they are often considered in tandem, although, as noted, the adequacy requirement also raises concerns about the competency of class counsel and conflicts of interest. *Id.*

theory and they seek the same relief, so the Court sees no potential conflicts between their claims and those of the proposed class. Moreover, Plaintiffs have demonstrated and represented that they are willing vigorously to prosecute these claims.

In addition, counsel for the Plaintiffs have demonstrated that they are competent and experienced in class actions and TCPA litigation, and the Court has no hesitancy concluding that they are likely to adequately represent the interests of the proposed class. And the Court sees no reason to believe that Plaintiffs' counsel (or Plaintiffs themselves, for that matter) would be tempted to favor the interests of Plaintiffs, or some other subset of the class, at the expense of other members of the class; this possibility does arise in some fact patterns attendant to class certification motions, but not here.

Accordingly, Plaintiffs have sufficiently met the requirement of adequacy.

(E) <u>Ascertainability</u>

In *Young v. Nationwide Ins. Co.,* 693 F.3d 532 (6th Cir. 2012), the court held that before a court may certify a class pursuant to Rule 23, the class definition must be sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member of the proposed class. *Id.* at 537-38. The court stated that although the text of Rule 23(a) is silent on the matter, a class must not only exist but also be susceptible of precise definition. There can be no class action if the proposed class is "amorphous" or "imprecise." *Id.* at 538.

Here, the class definition allows class members to be ascertained from Defendants' records and mobile phone carrier records. Moreover, Plaintiffs have manually submitted (under seal) the Davidson County Election Commission list from which the subject calls were made. (*See* Doc. No. 39-5). Class members can be determined through these records.

8

However, as noted above, the class definition is imprecise in that it includes all individuals who received the subject calls, "between July 16, 2020 and the filing date of this Complaint," which was the next day, July 17, 2020. As indicated, the Court cannot determine how a call could have been made "between" July 16 and July 17. As to applicable dates, the class definition may have been intended to mean simply "on July 16 or July 17, 2020," but this is not entirely clear, and the Court wants to ensure maximum clarity. Therefore, Plaintiff shall revise the class definition to define more clearly and precisely the class in terms of time period.

Assuming Plaintiffs satisfactorily revise the class definition, the Court will find that Plaintiffs have satisfied the requirements of Rule 23(a).

## CLASS CERTIFICATION – RULE 23(b)

Plaintiff must also demonstrate that they can maintain a class action under Rule 23(b), which sets forth three types of class actions. Plaintiffs ask the Court to certify their proposed class action as two of these three types, *i.e.,* those described in Rule 23(b)(2) and Rule 23(b)(3).

(A)     **Rule 23(b)(3)**

Predominance

For the Court to certify a class under Rule 23(b)(3), Plaintiffs must show that "questions of law or fact common to class members predominate over any questions affecting only individual members and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

Common questions are those that can be proved through evidence common to the class. *Weiner*, 334 F.R.D. at 131. That said, plaintiffs seeking class certification need not prove that *every* element of a claim can be established by class-wide proof; what the rule does require is that common questions predominate over any questions affecting only individual class members. *Id*.

9

In other words, to satisfy the predominance requirement in Rule 23(b)(3), a plaintiff must establish that the issues in the class action that are subject to generalized proof (and thus applicable to the class as a whole) predominate over those issues that are subject only to individualized proof. *Id.; see also Snead*, 2020 WL 6390146, at *5.[7]

Here, Plaintiffs have demonstrated, as indicated above, that there are common issues of fact and law in this case. The facts, legal theories, and requested relief are the same for Plaintiffs and the potential class members. All claims arise from the same course of conduct and are brought under a single cause of action, the TCPA. It is likely that the legal issues can be determined based on class-wide proof, "with one stroke." Even if different Defendants may have different defenses, it is the questions common to all class members (not Defendants) that must predominate over individual questions as to each Plaintiff. For all these reasons, Plaintiffs have satisfied the predominance requirement.

<u>Superiority</u>

"Cases alleging a single course of wrongful conduct are particularly well-suited to class certification." *Hicks v. State Farm Fire & Cas. Co.*, 965 F.3d 452, 464 (6th Cir. 2020) (quoting *Powers v. Hamilton Cty. Pub. Defender Comm'n*, 501 F.3d 592, 619 (6th Cir. 2007)). A class action is not a superior form of adjudication, by contrast, where many individual inquiries are necessary. *Id.* But, as with predominance, superiority can be satisfied even if other important

---

[7] A class may be certified based on a predominant common issue even though other important matters will have to be tried separately, such as damages or some affirmative defenses peculiar to some individual class members. *Hicks v. State Farm Fire & Cas. Co.*, 965 F.3d 452, 460 (6th Cir. 2020). In *Young*, the Sixth Circuit explained "the fact that a defense may arise and may affect different class members differently does not compel a finding that individual issues predominate over common ones." *Young*, 693 F.3d at 544, *cited in Hicks*, 965 F.3d at 460.

10

matters—such as damages or some affirmative defenses peculiar to some individual class members, none of which the Court perceives at this time—will have to be tried separately. *Id.*

The policy at the very core of the class-action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights. *Fitzgerald v. P.L. Mktg., Inc.*, No. 2:17-cv-02251-SHM-cgc, 2020 WL 7764969, at *9 (W.D. Tenn. Feb. 13, 2020). Where it is not economically feasible to obtain relief within the traditional framework of a multiplicity of small individual suits for damages, aggrieved persons may be without any effective redress unless they may employ the class-action device. *Id.* Where a threshold issue is common to all class members, class litigation is greatly preferred. *Id.* at *10.

Here, a class action is the superior form of adjudicating Plaintiffs' and the proposed class members' claims. Plaintiffs allege a single course of wrongful conduct. It may not be economically feasible for members of the proposed class to pursue individual claims for these statutory damages. All significant issues are common to all members of the proposed class. Thus, the superiority element is met.

For these reasons, the Court finds that Plaintiffs have satisfied the elements for a Rule 23(b)(3) class.

(B) **Rule 23(b)(2)**

Rule 23(b)(2) states, in relevant part, that a class action may be maintained if Rule 23(a) is satisfied and "if the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). The key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or

11

as to none of them. *Intercommunity Justice & Peace Ctr. v. Registrar, Ohio Bureau of Motor Vehicles*, 440 F. Supp. 3d 877, 892 (S.D. Ohio 2020).

To the extent Plaintiffs allege TCPA violations arising from the same conduct by the same Defendants and seek injunctive relief designed to benefit the class as a whole, the Court concludes that Rule 23(b)(2) certification is proper.[8] Because Plaintiffs are also requesting damages, pursuant to the TCPA, the class will be certified under both Rule 23(b)(2) (for purposes of injunctive relief) and Rule 23(b)(3) (for purposes of damages).

Rule 23(c)(1)(B) requires the Court not only to define the class, but also to define the class claims, issues or defenses. Here, the Court intends to certify the class claims identified in the SAC as follows: (1) whether Defendants violated the TCPA; (2) whether Defendants knowingly and willingly violated the TCPA; (3) whether Defendants conspired to violate the TCPA; and (4) whether Plaintiffs are entitled to declaratory or injunctive relief and, if so, to what extent and in what form.

## CONCLUSION

For these reasons, the Court intends to grant Plaintiffs' Unopposed Motion for Class Certification (Doc. No. 37), once Plaintiffs satisfactorily submit a revised class definition as explained herein. Moreover, the Court intends to appoint Plaintiffs Elrod, Kaufman, Martin, and Brasfield as Representative Plaintiffs and the law firms of Branstetter, Stranch & Jennings, PLLC, and Spragens Law PLC as Class Counsel.

---

[8] This is not to say that any particular form of injunctive relief requested by Plaintiffs necessarily would be appropriate if Plaintiffs' factual allegations are true; it is merely to say that because particular requested injunctive relief is on the table, class treatment is appropriate under Rule 23(b)(2).

12

An appropriate Order will be entered.

_Eli Richardson_
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE