IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RACHAEL ANNE ELROD, ANDREW KAUFMAN, SARAH MARTIN, and BROOKS BRASFIELD, on behalf of themselves and all others similarly situated, | Case No. 3:20-cv-00617 <br><br> Consolidated with Case No. 3:20-cv-00618 |
| Plaintiffs, | Judge Eli J. Richardson <br> Magistrate Judge Barbara D. Holmes |
| v. | |
| NOTAX4NASH, MICHELLE FOREMAN, KAREN MOORE, And JOHN DOES 1-10, | CLASS ACTION <br><br> JURY TRIAL DEMANDED |
| Defendants. | |
| KAREN MOORE and MICHELLE FOREMAN | |
| Third-Party Plaintiff, | |
| v. | |
| BEST SELLERS LLC, HEATHER SELLERS, JOE GERGLEY, and HYPERMETRICS LLC, | |
| Third-Party Defendants. | |

**AGREED PROTECTIVE ORDER**

1. **PURPOSE AND LIMITS OF THIS ORDER**

Discovery in this action is likely to involve confidential, proprietary, or private information requiring special protection from public disclosure and from use for any purpose other than this

02559034

1

litigation. Thus, the Court enters this Protective Order in accordance with Rule 26(c) of the Federal Rules of Civil Procedure and other applicable authority. This Order does not confer blanket protections on all disclosures or responses to discovery, and the protections it affords extend only to specific material entitled to confidential treatment under applicable legal principles. This Order does not automatically authorize the filing under seal of material designated under this Order. Instead, the parties must comply with Section 8 below in order to file any material that has been designated as "CONFIDENTIAL" under this Order. This Order does not govern the use at trial of material designated under this Order.

2. **DESIGNATING PROTECTED MATERIAL**

2.1. CONFIDENTAL MATERIALS - Any party or non-party may designate any discovery materials that are deemed in good faith by that party or non-party and their respective counsel ("designator") to contain, embody, reflect, refer to or otherwise disclose, in whole or in part, information of a confidential, private, or proprietary nature, including but not limited to confidential business information; financial information; due diligence materials and/or research; and/or marketing and advertising information, as "CONFIDENTIAL" by physically marking them in accordance with this Protective Order.

2.2. <u>Over-Designation Prohibited</u>. Any party or non-party who designates information or items for protection under this Order as "CONFIDENTIAL" must only designate specific material that qualifies under the appropriate standards. Material may not be designated if it has been made public, or if designation is otherwise unnecessary to protect a secrecy interest. If a designator learns that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that designator must

promptly notify all parties in writing and the Court if such information or items were previously filed with the Court that it is withdrawing the mistaken designation.

    2.3. <u>Manner and Timing of Designations</u>.  Designation under this Order requires the designator to affix the applicable legend ("CONFIDENTIAL") to each page that contains protected material.  For testimony given in deposition or other proceeding, the designator shall specify all protected testimony and the level of protection being asserted.  The designator may make that designation during the deposition or proceeding, or may invoke, on the record or by written notice to all parties on or before the next business day, a right to have up to twenty-one (21) days from the deposition or proceeding to make its designation.

    2.4. <u>Inadvertent Failures to Designate</u>.  An inadvertent failure to designate does not, standing alone, waive protection under this Order.  Upon timely, written assertion or correction of a designation, all recipients must make reasonable efforts to ensure that the material is treated according to this Order.

  **3.** **<u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>**

A party may object to the designation of particular materials as "CONFIDENTIAL" by giving written notice to the designating party.  The written notice shall identify the information to which the objection is made and the basis of the objection.  If the objecting party and the designating person cannot resolve the objection within ten (10) days after the time the notice is received, it shall be the obligation of the party designating the information as "CONFIDENTIAL" to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Agreed Protective Order.  Such motion shall be filed no later than thirty days after the time the written notice is received.  If such a motion is timely filed, the disputed information shall be treated as "CONFIDENTIAL" under the terms of this Agreed

Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as "CONFIDENTIAL" and shall not thereafter be treated as Confidential Information in accordance with this Agreed Protective Order. In connection with a motion filed under this provision, the person designating the information as CONFIDENTIAL" shall bear the burden of establishing that good cause exists for the disputed information to be so treated.

    **4.**    <u>**ACCESS TO DESIGNATED MATERIAL**</u>

    4.1.    <u>Basic Principles</u>. A receiving party may use designated material only for this litigation. Designated material may be disclosed only to the categories of persons and under the conditions described in this Order.

    4.2.    <u>Disclosure of CONFIDENTIAL Material Without Further Approval</u>. Unless otherwise ordered by the Court or permitted in writing by the designator, a receiving party may disclose any material designated CONFIDENTIAL only to:

    4.2.1.    The receiving party's counsel of record in this action, employees of counsel of record to whom disclosure is reasonably necessary,

    4.2.2.    Experts retained by the receiving party's outside counsel of record to whom disclosure is reasonably necessary;

    4.2.3.    The Court and its personnel;

    4.2.4.    Outside court reporters and videographers and their respective staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary;

    4.2.5.    During their depositions, witnesses in the action to whom disclosure is reasonably necessary;

4.2.6. The author or recipient of a document containing the material, or a custodian or other person who otherwise possessed or knew the information; and

4.2.7 Named parties in this action to whom disclosure is reasonably necessary.

## 5. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

5.1. <u>Subpoenas and Court Orders</u>. This Order in no way excuses non-compliance with a lawful subpoena or court order. The purpose of the duties described in this section is to alert the interested parties to the existence of this Order and to give the designator an opportunity to protect its confidentiality interests in the court where the subpoena or order issued otherwise.

5.2. <u>Notification Requirement</u>. If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as CONFIDENTIAL, that party must:

5.2.1. Promptly notify the designator or the designator's counsel in writing. Such notification shall include a copy of the subpoena or court order;

5.2.2. Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

5.2.3. Cooperate with all reasonable procedures sought by the designator whose material may be affected.

5.3. <u>Wait For Resolution of Protective Order</u>. If the designator timely seeks a protective order, the party served with the subpoena or court order shall not produce any information designated in this action as CONFIDENTIAL before a determination by the court

where the subpoena or order issued, unless the party has obtained the designator's permission. The designator shall bear the burden and expense of seeking protection of its confidential material in that court.

6. **UNAUTHORIZED DISCLOSURE OF DESIGNATED MATERIAL**

If a receiving party learns that, by inadvertence or otherwise, it has disclosed designated material to any person or in any circumstance not authorized under this Order, it must immediately (1) notify in writing the designator of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the designated material, (3) inform the person or persons to whom unauthorized disclosures were made of the terms of this Order and provide them with a copy of this Order.

7. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a producing party gives notice in writing that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review pursuant to Federal Rule of Evidence 502(d) and (e).

8. **FILING UNDER SEAL**

Filing under seal shall be governed according to Local Rule 5.03.

9. **FINAL DISPOSITION**

Within sixty (60) days after the final disposition of this action, each party shall return all designated material to the designator or destroy such material, including all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any designated material.

The receiving party must submit a written certification to the designator by the 60-day deadline that (1) identifies (by category, where appropriate) all the designated material that was returned or destroyed, and (2) affirms that the receiving party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the designated material. Notwithstanding the foregoing, this provision shall not prevent counsel from retaining an archival copy of all pleadings, motion papers, trial, deposition and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain designated material. Any such archival copies remain subject to this Order.

**IT IS SO ORDERED.**


DATED: _____  _____
The Honorable Eli J. Richardson
United States District Judge




DATED: January 11, 2022            /s/D. Gil Schuette_____
D. Gil Schuette (#30336)
Evan Rothey (#37708)
SIMS|FUNK, PLC
3322 West End Avenue, Suite #200
Nashville, TN 37203
(615) 292-9335


*Counsel for Hypermetrics and Joe Gergley*

/s/ Joe P. Leniski, Jr.
Joe P. Leniski, Jr. (TN Bar. No. 22891)
Anthony Orlandi (TN Bar No. 33988)
BRANSTETTER, STRANCH & JENNINGS, PLLC
The Freedom Center
223 Rosa Parks Avenue, Suite 200
Nashville, Tennessee 37203
Telephone: (615) 254-8801


/s/ John Spragens
John Spragens (TN Bar No. 31445)
SPRAGENS LAW PLC
311 22nd Ave. N.
Nashville, TN 37203
T: (615) 983-8900
F: (615) 682-8533


*Attorneys for Plaintiffs and the Proposed Class*


/s/Darrick O'Dell
Darrick O'Dell
Spicer Rudstrom, PLLC
Philips Plaza
414 Union St., Suite 1700
Nashville, TN 37219
Telephone: (615) 259-9080


/s/ Timothy G. Harvey
Timothy G. Harvey
Keane A. Barger
Riley Warnock & Jacobson, PLC
1906 West End Avenue
Nashville, Tennessee 37203
Telephone: (615) 320-3700


*Attorneys for Defendant Karen Moore*

                */s/ G. Kline Preston, IV*
                G. Kline Preston, IV
                Kline Preston Law Group, PC
                4515 Harding Pike
                Suite 107
                Nashville, TN 37205
                (615) 279-1619
                Fax: (866) 610-9565

                *Attorney for Defendant Michelle Foreman*

                */s/ R. Scott McCullough*
                R. Scott McCullough
                McNabb, Bragorgos, Burgess & Sorin, PLLC
                81 Monroe Ave
                Memphis, TN 38103
                (901) 624-0640

                */s/ Robert R. Laser, III*
                Robert R. Laser, III (BPR 31202)
                300 James Robertson Pkwy., Ste. 402
                Nashville, TN 37201
                Phone: (615) 622–1122
                Direct: (615) 669–5468

                *Attorneys for Third-Party Defendants*
                *Heather Sellers and Best Sellers, LLC*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document was served via the Court's online CM/ECF system and emailed notice to the following counsel of record:

Darrick O'Dell
Spicer Rudstrom, PLLC
Philips Plaza
414 Union St., Suite 1700
Nashville, TN 37219
Telephone: (615) 259-9080

02559034
9

Case 3:20-cv-00617    Document 133-1    Filed 01/11/22    Page 9 of 11 PageID #: 917

dlo@spicerfirm.com

Timothy G. Harvey
Keane A. Barger
Riley Warnock & Jacobson, PLC
1906 West End Avenue
Nashville, Tennessee 37203
Telephone: (615) 320-3700
tharvey@rwjplc.com


Garry K. Grooms
Zachary D. Miller
Burr & Forman, LLP (Nashville Office)
222 Second Avenue South
Suite 2000
Nashville, TN 37201
(615) 724-3229
Fax: (615) 724-3329



*Attorneys for Defendant Karen Moore*

G. Kline Preston, IV
Kline Preston Law Group, PC
4515 Harding Pike
Suite 107
Nashville, TN 37205
(615) 279-1619
Fax: (866) 610-9565


R. Scott McCullough
McNabb, Bragorgos, Burgess & Sorin, PLLC
81 Monroe Ave
Memphis, TN 38103
(901) 624-0640


*Attorneys for Defendant Michelle Foreman*

Robert R. Laser, III (BPR 31202)
300 James Robertson Pkwy., Ste. 402

02559034

10

Nashville, TN 37201
Phone: (615) 622–1122
Direct: (615) 669–5468
rob@laserlawfirm.com
*Attorneys for Third-Party Defendants*
*Heather Sellers and Best Sellers, LLC*

Joe P. Leniski, Jr. (TN Bar. No. 22891)
Anthony Orlandi (TN Bar No. 33988)
BRANSTETTER, STRANCH & JENNINGS, PLLC
The Freedom Center
223 Rosa Parks Avenue, Suite 200
Nashville, Tennessee 37203
Telephone: (615) 254-8801
Email: joeyl@bsjfirm.com


John Spragens (TN Bar No. 31445)
SPRAGENS LAW PLC
311 22nd Ave. N.
Nashville, TN 37203
T: (615) 983-8900
F: (615) 682-8533


On this the 11[h] day of January, 2022

                 */s/D. Gil Schuette*
                 D. Gil Schuette