IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RACHAEL ANNE ELROD, ANDREW KAUFMAN, and SARAH MARTIN, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> NO TAX 4 NASH, MICHELLE FOREMAN, KAREN MOORE, and JOHN DOES 1-10, <br><br> Defendants. | Case No. 3:20-cv-00617 <br><br> District Judge Eli Richardson <br><br> Magistrate Judge Barbara D. Holmes <br><br> CLASS ACTION <br><br> JURY DEMAND |
| BROOKS BRASFIELD, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> NO TAX 4 NASH, MICHELLE FOREMAN, KAREN MOORE, and JOHN DOES 1-10, <br><br> Defendants. | *Consolidated with* <br> Case No.: 3:20-cv-00618 |

| | |
|---|---|
| **MICHELLE FOREMAN and KAREN MOORE,** | |
| Third-Party Plaintiffs, | |
| v. | |
| **BEST SELLERS, LLC, HEATHER SELLERS, JOE GERGLEY, and HYPERMETRICS, LLC,** | |
| Third-Party Defendants. | |

# FINAL APPROVAL ORDER

Before the Court is Plaintiffs' unopposed motion requesting that the Court enter an Order granting final approval of the class action Settlement involving Plaintiffs Rachael Anne Elrod, Andrew Kaufman, Sarah Martin, and Brooks Brasfield ("Plaintiffs" or "Class Representatives"), and defendants Michelle Foreman, Karen Moore ("Defendants"), and third-party defendants Best Sellers, LLC, Heather Sellers, Joe Gergley, and Hypermetrics, LLC ("Third-Party Defendants" and, collectively with Plaintiffs and Defendants, the "Parties") as fair, reasonable, and adequate.

Having reviewed and considered the Settlement Agreement and the motion for final approval of the settlement, and having conducted a Final Approval Hearing on September 15, 2022, the Court makes the findings and grants the relief set forth below approving the Settlement upon the terms and conditions set forth in this Final Order and Judgment.

**THE COURT** not being required to conduct a trial on the merits of the case or determine with certainty the factual and legal issues in dispute when determining whether to approve a proposed class action settlement; and

1

**THE COURT** making the findings and conclusions hereinafter set forth for the limited purpose of determining whether the Settlement should be approved as being fair, reasonable, adequate and in the best interests of the Class;

1. The Settlement involves allegations in Plaintiffs' Second Amended Class Action Complaint (Doc. No. 42) that Defendants violated the Telephone Consumer Protections Act ("TCPA") by making auto-dialed and/or prerecorded calls to cellular telephones, and allegations by Defendants that Third-Party Defendants are liable for any violations of the TCPA proved by Plaintiffs.

2. The Settlement does not constitute an admission of liability by Defendants or Third-Party Defendants, and the Court expressly does not make any finding of liability or wrongdoing by Defendants or Third-Party Defendants.

3. Unless otherwise noted, words spelled in this Order with initial capital letters have the same meaning as set forth in the Settlement Agreement.

4. On April 19, 2021, the Court certified a class consisting of "All individuals who received, on July 16 or 17, 2020, one or more prerecorded calls to their cellular telephones from the number 615-348-5237," and appointed Plaintiffs as Class Representatives and the law firms of Branstetter, Stranch & Jennings, PLLC, and Spragens Law PLC as Class Counsel.

5. On May 25, 2022, the Court entered an Order which among other things: (a) approved the Notice to the Class, including approval of the form and manner of notice under the Notice Program set forth in the Settlement Agreement; (b) preliminarily approved the Settlement; (c) set deadlines for opt-outs and objections; (d) approved and appointed the Claims Administrator; and (e) set the date for the Final Approval Hearing.

6.  In the Order Granting the Motion for Preliminary Approval of Class Settlement Agreement, pursuant to Rule 23(b)(3) and 23(e), the Court conditionally-certified the Class, defined identically to the Class certified on April 19, 2021, as follows:

> All individuals who received, on July 16 or 17, 2020, one or more prerecorded calls to their cellular telephones from the number 615-348-5237.

7.  The Court, having reviewed the terms of the Settlement Agreement submitted by the parties pursuant to Rule 23(e), grants final approval of the Settlement Agreement and defines the Class as defined therein and in the Preliminary Approval Order, and finds that the settlement is fair, reasonable, and adequate and meets the requirements of Rule 23.

8.  The Settlement Agreement provides, in part, and subject to a more detailed description of the settlement terms in the Settlement Agreement, for:

    a.  Email, and text message notice to all Class Members using information contained on the Davidson County Election Commission ("DCEC") List;

    b.  The creation of a non-reversionary $1,010,500.00 Settlement Fund, from which Class members who submit Valid Claims will receive pro rata Cash Award Payments after deductions for Notice and Settlement Administration costs, Class Representative service awards, Plaintiffs' attorneys' fees, and reasonable litigation costs, all of which were subject to approval by the Court; and

    c.  Injunctive relief to ensure that no Defendant or Third-Party Defendant will prospectively violate the TCPA.

9.  The terms of the Settlement Agreement are fair, reasonable, and adequate and are hereby approved, adopted, and incorporated by the Court. The Parties, their respective attorneys, and the Claims Administrator are hereby directed to consummate the Settlement in accordance with this Order and the terms of the Settlement Agreement.

10.  Notice of the Final Approval Hearing, the proposed motion for attorneys' fees,

costs, and expenses, and the proposed Service Award payment to Plaintiffs have been provided to Class Members as directed by this Court's Orders, and an affidavit or declaration of the Settlement Administrator's compliance with the Notice Program has been filed with the Court.

11. The Court finds that such Notice as therein ordered, constitutes the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Class Members in compliance with the requirements of Rule 23(c)(2).

12. As of the final date of the Opt-Out Period, four (4) potential Settlement Class Members have submitted a valid Opt-Out Request to be excluded from the Settlement. The names of those persons are set forth in **Exhibit A** to this Order. Those persons are not bound by this Final Order and Judgment, as set forth in the Settlement Agreement.

13. The Court has considered all the documents filed in support of the Settlement, and has fully considered all matters raised, all exhibits and declarations filed, all evidence received at the Final Approval Hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

14. Pursuant to the Settlement Agreement, the Parties and the Notice and Settlement Administrator shall implement the Settlement in the manner and time frame as set forth therein.

15. Pursuant to the Settlement Agreement, Plaintiffs and the Class Members release claims against Defendants, Third-Party Defendants, and related persons/entities, and Defendants and Third-Party Defendants release claims against one another and related persons/entities, as defined in the Settlement Agreement, as follows:

- Each Class Member releases all claims of any kind or nature that have been or could have been asserted against Respondents, together with all of their current and former parents, subsidiaries, affiliates, officers, directors, stockholders, employees,

4

administrators, assigns, agents, attorneys, and representatives (the "Released Persons") relating in any way to the Released Claims (as defined in Settlement Agreement ¶ 29), including all claims that were or could have been asserted in the Lawsuit.

- Defendants and Third-Party Defendants release all claims of any kind or nature that have been or could have been asserted against the Class Representatives, any Class Member, Class Counsel, or each other relating in any way to the Released Claims of the Class Members, including all claims that were or could have been asserted in the Lawsuit.

Released Claims shall not include the right of any Class Member or any of the Released Persons to enforce the terms of the Settlement contained in this Settlement Agreement and shall not include the claims of those persons identified in **Exhibit A** to this Order who have timely and validly requested exclusion from the Class.

16. On the Effective Date and in consideration of the promises and covenants set forth in this Settlement Agreement, (i) Plaintiff and each Class Member, and each of their respective spouses and children with claims on behalf of the Class Member, executors, representatives, guardians, wards, heirs, estates, successors, predecessors, next friends, co- borrowers, co-obligors, co-debtors, legal representatives, attorneys, agents, and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf, and each of them (collectively and individually, the "Releasing Persons"), and (ii) Class Counsel and each of their past and present law firms, partners, or other employers, employees, agents, representatives, successors, or assigns will be deemed to have, and by operation of the Final Order and Judgment shall have, fully, finally, completely, and forever released and discharged the

Released Persons from the Released Claims.

17. The Court determines that this Final Approval Order complies in all respects with Federal Rule of Civil Procedure 65(d)(1).

18. The Court approves Class Counsel's application for attorneys' fees in the amount of $336,799.65, and reimbursement of expenses incurred in the prosecution of the case in the amount of $10,675.31.

19. The Court approves Class Counsel's application for a service award for the Class Representatives in the amount of $10,000.

20. The Court finds the fees and costs of the Settlement Administrator in the amount of $27,661.05 are reasonable.

21. The Court approves The League of Women Voters of Tennessee as the *cy pres* recipient pursuant to Settlement the Agreement.

22. The Settlement Agreement, including all of its terms and Exhibits, is fully and finally approved. The Court shall retain jurisdiction pending full implementation of the Settlement, and the Parties shall file, in due course, a joint notice informing the Court that the settlement has been finally implemented, at which point this case shall be closed.

23. In accordance with Rule 23, this Final Order and Judgment resolves all claims against all parties in this Action and is a final order. There is no just reason to delay the entry of final judgment in this matter, and the Clerk is directed to file this Order as the final judgment in this matter.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

# Exhibit A

ELROD v. NO TAX 4 NASH, ET AL. 3:20-cv-00617; Consolidated with 3:20-cv-00618

**LIST OF OPT-OUT/EXCLUSION REQUESTS**

| ClaimID | Name |
| --- | --- |
| 1. 44697480 | McCoy-Passmore |
| 2. 52362522 | A. Thomas |
| 3. 59447292 | W. Peng |
| 4. 34515847 | R. Owen |